UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TUCKER MANAGEMENT, LLC, ET AL**                              **CIVIL ACTION**

**VERSUS**

**NO. 13-626-JWD-RLB**

**UNITED NATIONAL INSURANCE COMPANY**

### ORDER

Before the court is Plaintiffs' Motion to Compel Production of Documents under Defendant's Claims File Privilege Log or Ordering an In Camera Review (R. Doc. 41) filed on February 29, 2016.  Plaintiffs also filed a "Certificate of 37(a)(1) Compliance" (R. Doc. 52) on March 7, 2016.  The deadline for filing an opposition to the Motion has not expired.  For the following reasons, the Motion is **DENIED**.

**I.    Background**

This action was removed from state court on September 20, 2013. (R. Doc. 1).  Since removal the court has changed the trial date three times and granted various extensions of the pre-trial deadlines, including four extensions of the discovery deadline.

 On January 6, 2014, the court entered a Scheduling Order setting the deadline to file all discovery motions and complete all discovery except experts on June 17, 2014; to file dispositive motions and Daubert motions on October 1, 2014; and for trial to commence on April 13, 2015. (R. Doc. 9).

On April 24, 2014, Defendant filed an unopposed motion seeking a 120-day extension of all pretrial deadlines and the trial date. (R. Doc. 12).  The court denied the motion on the basis

that it did not include any information supporting a finding of good cause to modify the court's deadlines. (R. Doc. 13).

On May 6, 2014, the parties filed a joint motion seeking a 120-day extension of all pretrial deadlines and a new trial date. (R. Doc. 14). The court granted the relief requested and reset the trial date to September 28, 2015. (R. Doc. 16). Based on proposed pre-trial deadlines submitted by the parties, the court reset the deadline to file all discovery motions and complete all discovery except experts to February 17, 2015, and reset the deadline to file dispositive motions and Daubert motions to March 25, 2015. (R. Doc. 21).

On February 16, 2015, the parties filed another joint motion to continue and reset the trial date. (R. Doc. 27). In support of their motion, the parties represented that they engaged in good faith negotiations on March 24, 2014, and expected to re-commence good faith negotiations in March of 2015. (R. Doc. 27-1 at 2). The district judge held a telephone status conference and granted the parties' joint motion, setting a new trial date of March 21, 2016; a new discovery deadline of September 21, 2015; and a new deadline to file dispositive motions and Daubert motions on October 21, 2015. (R. Doc. 29).

On September 21, 2015, the parties filed another joint motion seeking extensions of the discovery deadline and the deadline to file dispositive and Daubert motions. (R. Doc. 31). In support of their motion, the parties stated that "[i]n an effort to work to an amicable resolution of this suit without the great expense in time and money of taking what is estimated to be at least 20 depositions, the parties have agreed to attempt a mediation of this claim of October 9, 2015 in New Orleans, with the assistance of mediator Dan Balhoff of Perry Dampf Dispute Resolutions." (R. Doc. 31-1 at 2). The parties further stated that although they were "hopeful that a mediated resolution can be accomplished, the parties would like to set aside some additional time for the

taking of needed depositions in the event that some issues cannot be amicably resolved." (R. Doc. 21-1 at 3).  Based on the parties' representations, the court found good cause for extending the deadline to complete discovery to November 5, 2015, and the deadline for filing dispositive motions and Daubert motions to November 19, 2015. (R. Doc. 32).

On October 28, 2015, the parties filed yet another joint motion to reset the pre-trial deadlines and trial date. (R. Doc. 33).  In support of their motion, the parties represented that the "mediation on October 9, 2015 was not successful." (R. Doc. 33-1 at 2).  The parties represented that they had only conducted written discovery in the hope of resolving their dispute through mediation and other good faith settlement efforts. (R. Doc. 33-1 at 2).  The district judge granted the motion and reset the trial date to September 6, 2016, noting that no further continuances of the trial date would be granted. (R. Doc. 34).  In light of the new trial date, the court reset all remaining pre-trial deadlines, including the deadline to complete discovery by February 5, 2016; the deadline to file dispositive motions and Daubert motions by February 29, 2016; and the deadline to file a proposed pre-trial order by June 13, 2016. (R. Doc. 35).

On February 23, 2016, the parties filed a joint motion seeking yet another extension of the deadline to file dispositive motions and Daubert motions. (R. Doc. 40).  The parties represented that they had taken most of the anticipated depositions; that they were unable to complete all depositions prior to the discovery deadline of February 5, 2016; and that they agreed to schedule and take additional depositions after the discovery deadline as allowed by Local Rule 26(d)(1). (R. Doc. 40-1 at 1-2).

On March 1, 2016, the court denied the parties' joint motion to extend deadlines. (R. Doc. 46).  The court noted that the parties may continue with unopposed discovery after the discovery deadline if the discovery does "not delay other pretrial preparations or the trial setting"

3

as required by Local Rule 26(d)(1). (R. Doc. 46 at 4). The court in no way extended the February 5, 2016, deadline to file all discovery motions and complete all discovery.[1]

The instant Motion concerns Plaintiffs' First Request for Production, which was propounded on October 1, 2013. (R. Doc. 41-3). Defendant provided its responses and a privilege log on January 27, 2014. (R. Doc. 41-4). Plaintiffs are now seeking to challenge the assertions in the privilege log in light of the Rule 30(b)(6) deposition of Defendant taken on January 20, 2016, approximately two weeks prior to the current discovery deadline.

**II.     Law and Analysis**

Plaintiffs' Motion is untimely as it was filed after February 5, 2016, the court's deadline to file all discovery motions and complete all discovery. The Motion does not address its lack of timeliness and certainly does not provide "exceptional circumstances" for the court to consider it at this time.[2] Accordingly, the motion is denied as untimely.

To the extent the instant Motion implicitly requests an extension of that deadline for consideration of the instant Motion on the merits, the court does not find good cause for extending that deadline. Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). Rule 16 has

---

[1] Despite denying the parties' motion, the court provided a brief two-day extension of the dispositive motion and Daubert motion deadline to March 2, 2016. (R. Doc. 46 at 5). Plaintiffs filed a Motion for Partial Summary Judgment (R. Doc. 43) and a Motion in Limine (R. Doc. 44) on February 29, 2016. Defendant filed a Motion for Partial Summary Judgment (R. Doc. 49) on March 2, 2016.
[2] LR 26(d)(1).

also been examined in the context of an untimely motion to compel. *See Rollins v. St. Jude Medical, Inc.*, No. 08-0387, 2010 WL 1751822 (W.D. La. April 28, 2010). "[C]ourts consider multiple factors to determine whether the motion should be permitted, including (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (6) the age of the case, (7) any prejudice to the party from whom late discovery was sought, and (8) disruption of the court's schedule." *Id*. at *2 (citing *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 398 (N.D. Tex. 2006)).

Here, Plaintiffs have not established good cause for consideration of the instant Motion on the merits. The original discovery deadline to complete discovery and file related motions was set for June 17, 2014. The court extended that deadline four times prior in reaching the current discovery deadline of February 5, 2015. The privilege log at issue was provided by Defendant on January 27, 2014, over four months prior to the court's original discovery deadline. Accordingly, Plaintiffs were aware of Defendant's assertions of privilege for over two years prior to filing the instant motion. Plaintiffs were not diligent in taking timely action to obtain the documents withheld as privileged. Even if the Rule 30(b)(6) deposition of Defendant on January 20, 2016 shed new light on Defendant's privilege assertions, that deposition was taken two weeks prior to the court's final deposition deadline. Plaintiffs provide no justifiable reason for waiting until the dispositive motion deadline to raise the issues in the instant Motion. Finally, granting extensions of the discovery deadline this late in the action will disrupt the court's trial schedule and resolution of this matter.

The court also notes that Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that any motion for an order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure in an effort to obtain it without court action." The plaintiff's motion does not contain this required certification.

In an apparent attempt to remedy this deficiency, plaintiff's counsel filed a Certificate of 37(a)(1) Compliance on March 7, 2016. (R. Doc. 52). The plain language of Rule 37 states that this certification "must" be included with the motion, not filed 7 days later. In addition, the certificate filed by plaintiff's counsel simply states that "he has contacted counsel for Defendant" and "that they have conferred by telephone" in an attempt to resolve this without court action. It does not indicate when this conference took place or otherwise provide that the conference occurred before the motion to compel was filed. The Rule 37 conference is an effort to avoid judicial intervention, and the parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes. The Motion and later filed certificate does not satisfy the court that this was done. The Motion is denied for failure to include the required Rule 37(a)(1) certificate.

### III.   Conclusion

Based on the foregoing, **IT IS ORDERED** that Plaintiffs' Motion (R. Doc. 41) is **DENIED**.

Signed in Baton Rouge, Louisiana, on March 10, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**